**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO CAMACHO-CORONA, | No. 18-55218 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00543-VAP-KK |
| v. | |
| ANGEL ORTIZ, M.D., in individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted March 12, 2018**

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Federal prisoner Pedro Camacho-Corona appeals pro se from the district

court's summary judgment in his action brought under *Bivens v. Six Unknown*

*Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *May v. Baldwin*, 109 F.3d 557, 560-61 (9th Cir. 1997). We affirm.

The district court properly granted summary judgment on Camacho-Corona's claim against defendant Blier because Camacho-Corona failed to raise a genuine dispute of material fact as to whether any delay in treatment for his surgery wound evinces in deliberate indifference. *See Hallet v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a delay of medical treatment evinces deliberate indifference to a serious medical need only if the delay caused significant harm).

The district court properly granted summary judgment on Camacho-Corona's claim against defendant Castillo on the basis of qualified immunity because it would not have been clear to every reasonable official that denying Camacho-Corona access to a wheelchair was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**